# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv0250 TCM |
| ) | |
| ALLIANCE CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This pro se employment discrimination case is before the Court[1] on an unopposed motion to dismiss filed by Alliance Credit Union (Alliance).[2] [Doc. 22]

Plaintiff, Michael S. Brown, Jr., initiated this action on February 10, 2010, with the filing of a pro se complaint alleging Defendant had violated the American with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA), when terminating him two months after he aggravated a back problem when lifting a computer monitor at work. (Compl. at 6-7.) Plaintiff requested, and was granted, leave to proceed in forma pauperis.

Plaintiff participated in the drafting of a joint proposed scheduling plan and appeared for the Rule 16 scheduling conference, following which the Court issued a case management order. Two months and two weeks later, Alliance filed a motion to compel, alleging that

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]This pleading was titled a "Memorandum to Court." In the text, Defendant requested that the Court dismiss the case for Plaintiff's failure to comply with its earlier discovery order. Consequently, the Court construed the pleading as a motion to dismiss and provided Plaintiff an opportunity to file a response. He did not.

Plaintiff had yet to produce his Rule 26 disclosures and had not responded to its first set of interrogatories and request for production of documents. The disclosures and responses were due two months earlier, and Plaintiff had informed Alliance's counsel he would provide both the responses and disclosures within a week after their May 28 telephone conversation. Alliance further alleged that its counsel had written Plaintiff on June 10 requesting that his responses and disclosures be provided within ten days. They were not; consequently, Alliance filed a motion to compel.

A hearing was set on the motion for a date two weeks after it was filed. Plaintiff did not appear, nor did he contact the Court with an explanation or request for continuance. Following the hearing, the Court directed Plaintiff to provide the disclosures and responses on or before Monday, August 23, 2010, and cautioned Plaintiff that a failure to comply with the order would result in the dismissal without prejudice of his case.

On August 27, Alliance filed the pending motion, see note 2, supra, alleging that Plaintiff had failed to comply with the Court's order and had not contacted counsel with a request for an extension. Plaintiff has not responded to this motion.

It is well-established that Plaintiff's pro se status does not excuse him from complying with court rules and directives. See **Soliman v. Johanns**, 412 F.3d 920, 922 (8th Cir. 2005); **Bennett v. Dr Pepper/Seven Up, Inc.**, 295 F.3d 805, 808 (8th Cir. 2002); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Carmen v. Treat**, 7 F.3d 1379, 1381 (8th Cir. 1993). An action may be dismissed for "failure to comply with any court order," see Fed.R.Civ.P. 41(b), or on the court's own initiative. **Am. Inmate Paralegal Assoc. v. Cline**, 859 F.2d 59, 61 (8th Cir. 1988); **Brown v. Frey**, 806 F.2d 801,

803 (8th Cir. 1986). This Court's "exercise of this power is within the 'permissible range of its discretion' if there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" **Id.** (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)). In determining whether to exercise its power, the Court considers the degree of egregious conduct and "'the adverse impact of such conduct upon both the defendant and the administration of justice in [this Court].'" **Smith v. Gold Dust Casino**, 526 F.3d 402, 405 (8th Cir. 2008) (quoting Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)). The Court must also distinguish "'between contumacious or intentional delay or disregard for deadlines and procedural rules, and a marginal failure to meet pleadings or other deadlines.'" **In re Guidant Corp. Implantable Defibrillators Prods. Liability Litig.**, 496 F.3d 863, 867 (8th Cir. 2007) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)). "[T]he sanction imposed by the district court must be proportionate to the litigant's transgression." **Rodgers**, 135 F.3d at 1219.

By his complete disregard of his discovery obligations and the Court's order, Plaintiff has halted the progress of the action he initiated. He has offered no explanation for his disregard; hence, the Court is unable to balance any reason he might have for his inaction with the effect of such inaction upon the administration of justice. Accordingly, the Court having but one choice,

**IT IS HEREBY ORDERED** that this case is dismissed without prejudice for Plaintiff's failure to comply with the Court's orders.

An appropriate order of dismissal shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of October, 2010.